**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-121 |
| | ) | |
| JULIAN THOMPSON | ) | |

**MEMORANDUM ORDER**

While represented by CJA appointed counsel Kelvin Morris, on June 18, 2024, Defendant Julian Thompson waived prosecution by indictment and pled guilty to the two-count Information in this case charging him with one count of possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket Nos. 13, 14). Prior to the waiver and plea hearing, the Government filed an Information pursuant to 21 U.S.C. § 851, stating that Defendant has prior convictions as a basis for increased punishment. (Docket No. 4).

As set forth in the Court's Tentative Findings and Rulings, Defendant's advisory guideline range was 262 months to 327 months' imprisonment. (Docket No. 27 at 5). At the sentencing hearing on November 21, 2024, the Court granted Defendant's motion for a downward variance and sentenced him to a total term of 120 months' imprisonment followed by 8 years' supervised release. (Docket Nos. 33, 35). Defendant was continued on bond and permitted to self-surrender to the designated facility when instructed to do so. (Docket No. 33). Defendant did not file an appeal of his conviction or sentence.

On December 2, 2024, Defendant was notified that he was to report to FCI Gilmer by 2:00 p.m. on December 30, 2024 for voluntary surrender commitment. After the United States Marshals

Service advised that Defendant failed to report as ordered, the Court issued a warrant for his arrest on January 3, 2025. (Docket Nos. 36, 37). The Pretrial Services Office also filed a bond violation petition advising that Defendant failed to report to FCI Gilmer as instructed and his whereabouts were unknown. (Docket No. 38).

Following Defendant's apprehension, he appeared for initial proceedings on the bond violation petition on September 3, 2025, and he was ordered to remain detained. (Docket Nos. 48, 49).

Prior to that time, on June 3, 2025, Defendant was charged in a one-count Indictment at Criminal No. 25-153 with failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2), for having failed to report to FCI Gilmer as directed in Criminal No. 24-121. (*See* CR 25-153, Docket No. 3). Attorney Morris was appointed to represent Defendant in the case at Criminal No. 25-153. (CR 25-153, Docket No. 14).

On March 10, 2026, Defendant pled guilty to the one-count Indictment at Criminal No. 25-153 charging him with failure to surrender for service of sentence. (CR 25-153, Docket No. 36). On that same date, Defendant also waived prosecution by indictment and pled guilty to the one-count Information at Criminal No. 26-32 charging him with distribution of a quantity of a mixture and substance containing detectable amounts of fentanyl and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR 26-32, Docket Nos. 11, 14). As with his other cases, Attorney Morris represents Defendant in Criminal No. 26-32. (CR 26-32, Docket No. 5). Defendant is scheduled for sentencing in Criminal Nos. 25-153 and 26-32 on September 17, 2026. (CR 25-153, Docket No. 53; CR 26-32, Docket No. 29).

On September 8, 2026, Defendant filed a pro se Motion for Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, in which he requests an extension of time to file a § 2255 motion in the case at Criminal No. 24-121. (Docket No. 50). Defendant avers that he requires additional time to file a § 2255 motion because he has been incarcerated at the Butler County Prison since September 3, 2025, and he is not permitted to obtain his discovery or PSR, which precludes him from filing his motion accurately.[1] (*Id.*). For the following reasons, Defendant's Motion for Extension of Time will be denied.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing a § 2255 motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). This one-year period began to run when Defendant's "judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).[2] Defendant did not file a direct appeal from his judgment of conviction, which was entered on November 21, 2024, (*see* Docket No. 35), meaning that it became final for § 2255 purposes 14 days later, on December 5, 2024. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); *United States v. Toombs*, Crim. No. 20-119 (RBK), 2021 WL 5416674, at *1 (D.N.J. Nov. 18, 2021) (citations omitted) (where no direct appeal of judgment of conviction is filed, judgment becomes final for § 2255 purposes 14 days after entry of judgment); *Sayles v. United States*, Crim. No. 09-273, 2013

---

[1] Defendant attached to the Motion for Extension of Time his proposed § 2255 motion wherein he claims that Attorney Morris "rendered constitutionally ineffective assistance by failing to investigate, challenge, and properly litigate the use of [his] prior Pennsylvania drug convictions as predicate offenses for purposes of the Armed Career Criminal Act . . . and by failing to challenge the use of those convictions as the basis for an enhanced sentence pursuant to 21 U.S.C. § 851." (Docket No. 50-1 at 1).

[2] Under the statute, there are three other dates from which the one-year limitation period may run. 28 U.S.C. §§ 2255(f)(2)-(f)(4). However, those circumstances do not appear to be applicable here.

WL 4523593, at *3 (W.D. Pa. Aug. 27, 2013) (same); Fed. R. App. P. 4(b)(1)(A) (providing that a defendant convicted in a criminal case has 14 days to file a notice of appeal after the judgment is entered). Accordingly, Defendant had until December 5, 2025 to file a § 2255 motion, meaning that the statute of limitations for filing such a motion expired over nine months ago. Despite the fact that the time for Defendant to file a § 2255 motion has long since passed, the Court will further explain why no extension of time is warranted in this case.

To that end, the Third Circuit Court of Appeals has held that district courts have subject matter jurisdiction to rule on a motion for an extension of time to file a § 2255 motion before the substantive motion for relief is actually filed. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). The Court of Appeals explained that "[t]here are no bright-line rules for determining when extra time should be permitted in a particular case;" instead, "the unique circumstances of each defendant seeking § 2255 relief must be taken into account." *Id.* (citations omitted). However, the Court of Appeals cautioned that district courts "should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the principles of equity would make the rigid application of a limitation period unfair." *Id.* (internal quotation marks and citation omitted). As the Supreme Court has instructed, equity permits extending the one-year statutory deadline when a defendant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Even if the statute of limitations had not run here, consideration of the equitable principles identified by the Supreme Court do not weigh in favor of granting Defendant an extension of time to file a § 2255 motion. First, Defendant has not shown that he pursued his rights diligently during the one-year AEDPA statute of limitations period. *See United States v. Navarro*, No. 18-2832,

2018 WL 7324798, at *1 (3d Cir. Dec. 13, 2018) (affirming determination that equitable tolling should not be applied to § 2255 motion because movant failed to show that he acted with reasonable diligence during entire period at issue). Additionally, Defendant has not shown that some extraordinary circumstance stood in his way and prevented timely filing. Rather, during most of the one-year limitation period, Defendant was a fugitive. As set forth in the presentence investigation report in Criminal Nos. 25-153 and 26-32, after Defendant failed to surrender for service of sentence in Criminal No. 24-121, the United States Marshals Service Fugitive Task Force began searching for him in January 2025. (CR 25-153, Docket No. 43, ¶ 22; CR 26-32, Docket No. 19, ¶ 22). In the summer of 2025, investigators suspected that he had returned to this District and was living in a Pittsburgh residence. (CR 25-153, Docket No. 43, ¶ 23; CR 26-32, Docket No. 19, ¶ 23). On or about September 1, 2025, law enforcement conducted a controlled purchase operation on Defendant during which he negotiated a sale of drugs and sold fentanyl and heroin to a confidential informant. (*Id.*). Law enforcement subsequently executed a federal search warrant upon Defendant and his residence, in addition to the arrest warrant for failure to surrender. (CR 25-153, Docket No. 43, ¶ 25; CR 26-32, Docket No. 19, ¶ 25). Defendant waived his *Miranda* rights and admitted that he was aware he was wanted and did not report to prison when he was ordered to do so. (*Id.*). Defendant did not object to any of these facts concerning his fugitive status. (CR 25-153, Docket No. 46 at 2; CR 26-32, Docket No. 22 at 2) (indicating that Defendant did not file a Position with Respect to Sentencing Factors lodging any objections to the presentence report in either CR 25-153 or CR 26-32). Furthermore, Defendant does not allege that he was prevented from filing a § 2255 motion after he was apprehended and detained in September 2025 until the statute of limitations expired on December 5, 2025. Under these circumstances, equitable

considerations do not weigh in favor of granting Defendant an extension of time to file a § 2255 motion. Accordingly, the Court enters the following Order:

AND NOW, this 9th day of September, 2026, IT IS HEREBY ORDERED that Defendant's Motion for Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Docket No. 50), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

Julian Thompson (via U.S. mail)
#45063
Butler County Prison
202 S. Washington Street
Butler, PA 16001-5721